UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JIMMY THOMAS GLASS,<br><br>                  Petitioner,<br><br>v.<br><br>WARDEN TIM WENGLER,<br><br>                  Respondent. | Case No. 1:12-cv-00380-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Petitioner Jimmy Thomas Glass's Petition for Writ of Habeas Corpus (Dkt. 1). The Court previously dismissed Claims One, Two, and Four of the Petition as procedurally defaulted. (Dkt. 12.) Therefore, the only claim remaining in this action is Claim Three.

Respondent has filed an Answer and Brief in Support of Dismissal with respect to Claim Three. (Dkt. 13). Petitioner has filed a reply (entitled "Objection To Dismissal of Petition for Writ of Habeas Corpus"), and Respondent has filed a Sur-reply. (Dkt. 15, 16). The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by Respondent on March 14, 2013, and April 2, 2014. (*See* Dkt. 7, 14.)

Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that the decisional process would not be significantly aided by oral

argument. Therefore, the Court will decide this matter on the written motions, briefs and record without oral argument. D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order denying Claim Three and dismissing this case with prejudice.

## BACKGROUND

The facts underlying Petitioner's conviction are set forth clearly and accurately in *State v. Glass*, 190 P.3d 896 (Idaho Ct. App. 2008), which is contained in the record at State's Lodging B-4:

> During the week of July 15, 2004, detectives from the Ada County Sheriff's Office conducted an Internet sting operation to locate individuals enticing children into sexual activity over the Internet. Two officers posing as children under the age of sixteen were online at the same time for approximately eight hours a day. One day, Detective Kenneth Smith logged into a Yahoo . . . chat room labeled "romance" and posed as a fifteen-year-old girl with the screen name "lisa200215ncal." The user profile for that screen name identified "Lisa" as a high school sophomore from California who was currently in Boise visiting her father.
>
> After Detective Smith logged into the chat room, other individuals already signed into the same chat room were able to see Detective Smith's screen name and profile and were able to send private "instant messages" directly to him. Subsequently, he was privately contacted by a person using the screen name "letsgetkinky831." During an ensuing conversation, "lisa200215ncal" indicated that she was a fifteen-year-old female to which "letsgetkinky831" replied, "That's cool." He then asked her to look at the picture on his profile, that of a man from the waist down, naked and masturbating, and to tell him if it was "ok." The following conversation then took place:
>
> | | |
> |---|---|
> | Lisa200215ncal: | yea looks ok |
> | Letsgetkinky831: | :D [laughter] |
> | Letsgetkinky831: | maybe you'd let me undress in front of you? |
> | Lisa200215ncal: | maybe |
> | Letsgetkinky831: | well what do you have in mind then? |

**MEMORANDUM DECISION AND ORDER - 2**

| | |
|---|---|
| Lisa200215ncal: | I don't know didn't really have a plan |
| Letsgetkinky831: | well then let me start by coming over and taking my clothes off |
| Letsgetkinky831: | play with it in front of you, get it hard |
| Letsgetkinky831: | see what comes up? |
| Lisa200215ncal: | yea might be able to do that |
| Letsgetkinky831: | cool |
| Letsgetkinky831: | when? |
| Letsgetkinky831: | Lisa? |
| Letsgetkinky831: | what's wrong now? |
| Lisa200215ncal: | think |
| Letsgetkinky831: | ok |
| Lisa200215ncal: | so ur serious |
| Letsgetkinky831: | i'm dead serious |
| Letsgetkinky831: | i'll undress, if you don't like, I'll leave, k |
| Lisa200215ncal: | well how far do u want to go |
| Letsgetkinky831: | only as far as you want to go |
| Lisa200215ncal: | so if I said no sex u would be good with that |
| Letsgetkinky831: | yes |
| Letsgetkinky831: | cool then? |

. . . .

| | |
|---|---|
| Letsgetkinky831: | i need to go to work today |
| Lisa200215ncal: | when |
| Letsgetkinky831: | at 2 |
| Letsgetkinky831: | so I'd have to do this soon |
| Lisa200215ncal: | oh so will that be enough time |
| Letsgetkinky831: | sure will if ya let me come over now |
| Letsgetkinky831: | :D |
| Lisa200215ncal: | what part of town do you live in |
| Letsgetkinky831: | north side U? |
| Lisa200215ncal: | well im not really sure do u know where Fairview is |
| Letsgetkinky831: | i do |
| Lisa200215ncal: | ok |
| Letsgetkinky831: | what's the address then? |
| Lisa200215ncal: | [address given] |
| Letsgetkinky831: | ok |
| Letsgetkinky831: | so it's cool then? |

**MEMORANDUM DECISION AND ORDER - 3**

| | |
|---|---|
| Lisa200215ncal: | what is ur first name |
| Letsgetkinky831: | Tom |
| Lisa200215ncal: | I will look for u what does ur car look like |
| Letsgetkinky831: | blk car |
| Lisa200215ncal: | small or big (the car) |
| Letsgetkinky831: | lol small 2 dorr |
| Letsgetkinky831: | door |
| Lisa200215ncal: | ok well see u in a bit do you have a condom |
| Letsgetkinky831: | I don't but thought you didn't want sex |
| Lisa200215ncal: | well bring one just in case u never no |
| Letsgetkinky831: | k |

Twenty-three minutes after the conversation ended, another detective in the apartment observed a black two-door car pulling into the apartment parking lot. The detectives then lost sight of the car, but shortly thereafter, Glass knocked on the apartment door where the sting was taking place. He was placed under arrest.

(State's Lodging B-4 at 1-3 (alterations in original).

Police officers later seized a Micron laptop computer from Petitioner's workplace. At Petitioner's preliminary hearing, a computer forensics investigator testified that he had begun a preliminary examination of the laptop and that he had found some evidence of the username "letsgetkinky831" on the computer. (State's Lodging C-1 at 47-48.) At trial, however, the prosecution did not call this investigator. In fact, the prosecution did not introduce any evidence from any computer. (*See* State's Lodging E-1 at 252.) Rather, the state's case rested on circumstantial evidence that Petitioner was "letsgetkinky831": (1) there could only be one person using the name "letsgetkinky831" the day of the chat because screen names on Yahoo! chat rooms are unique; (2) "letsgetkinky831" told "lisa200215ncal" that he was leaving to go to her apartment "now" and that he would

**MEMORANDUM DECISION AND ORDER - 4**

arrive in a small, 2-door black car; (3) 23 minutes later, a small, 2-door black car turned into the parking lot of the vacant apartment being used in the sting operation; and (4) shortly thereafter, Petitioner knocked on the door to the apartment. (*See* State's Lodging A-2 at 14-20; A-4 at 20-25, 42-43.)

The jury found Petitioner guilty, and he was sentenced to 15 years in prison with 3 years fixed. On Petitioner's motion for reduction of sentence under Idaho Rule of Criminal Procedure 35, the court reduced the fixed term of the sentence to 2 years. (State's Lodging A-1 at 88, D-3 at 2; Dkt. 1 at 1.) Petitioner's conviction was upheld on appeal. (State's Lodging B-4.)

Following a grant of state postconviction relief as to sentencing, Petitioner was re-sentenced to a 15-year prison term with 3 years fixed. (State's Lodging E-1 at 4.) The state district court denied all other postconviction relief. Petitioner appealed the dismissal of the claim he now asserts as Claim Three in his federal Petition. The Idaho Court of Appeals affirmed the state district court, and the Idaho Supreme Court denied review. (State's Lodging D-3 and D-6.)

## DISCUSSION

In Claim Three, Petitioner alleges that the prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose the seizure of the Micron laptop or to "carry over this key preliminary hearing evidence over to trial." (Pet., Att. A, Dkt. 1-1 at 4) (capitalization omitted). Petitioner argues that because the state offered forensic testimony regarding initial computer testing at the preliminary hearing, but not at trial, the

**MEMORANDUM DECISION AND ORDER - 5**

final results of that testing must have been exculpatory. The Idaho Court of Appeals determined that the state did not fail to disclose the laptop and that Petitioner had not met his burden of showing that the results of the forensic examination of the computer were material. (State' Lodging D-3 at 4-5.)

For the reasons that follow, the Court concludes that Petitioner is not entitled to relief on Claim Three.

1.  **Standard of Law**

Federal habeas corpus relief may be granted on claims adjudicated on the merits in a state court judgment when the federal court determines that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under § 2254(d), as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas relief is further limited to instances where the state court's adjudication of the petitioner's claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court need not "give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011).

**MEMORANDUM DECISION AND ORDER - 6**

When a party contests the state court's legal conclusions, including application of the law to the facts, § 2254(d)(1) governs. That section consists of two alternative tests: the "contrary to" test and the "unreasonable application" test.

Under the first test, a state court's decision is "contrary to" clearly established federal law "if the state court applies a rule different from the governing law set forth in [the Supreme Court's] cases, or if it decides a case differently than [the Supreme Court] [has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002).

Under the second test, to satisfy the "unreasonable application" clause of § 2254(d)(1) the petitioner must show that the state court—although identifying "the correct governing legal rule" from Supreme Court precedent—nonetheless "unreasonably applie[d] it to the facts of the particular state prisoner's case." *Williams (Terry) v. Taylor*, 529 U.S. 362, 407 (2000). A federal court cannot grant habeas relief simply because it concludes in its independent judgment that the decision is incorrect or wrong; rather, the state court's application of federal law must be objectively unreasonable to warrant relief. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Bell*, 535 U.S. at 694. The standard of § 2254(d) is onerous and is satisfied only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Richter*, 131 S. Ct. at 786.

In *Richter*, the United States Supreme Court strongly reiterated that a federal court may not simply decide anew a claim on its merits after the highest state court has done so, just because the federal court would have made a different decision. Rather, the review is necessarily deferential. *Id.* at 785-86. The Supreme Court explained that under § 2254(d), a habeas court (1) "must determine what arguments or theories supported or . . . could have supported, the state court's decision"; and (2) "then it must ask whether it is possible [that] fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Id*. at 786. If fairminded jurists could disagree on the correctness of the state court's decision, then a federal court cannot grant relief under § 2254(d)(1). *Id*. The Court emphasized: "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (internal citation omitted).

Though the source of clearly established federal law must come from the holdings of the United States Supreme Court, circuit precedent may be persuasive authority for determining whether a state court decision is an unreasonable application of Supreme Court precedent. *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 1999). However, circuit law may not be used "to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] Court has not announced." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1450 (2013). A federal habeas court reviews the state court's "last reasoned decision" in determining whether a petitioner is entitled to relief. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991).

**MEMORANDUM DECISION AND ORDER - 8**

As to the facts, the United States Supreme Court has clarified "that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011). This means that evidence not presented to the state court may not be introduced on federal habeas review if a claim was adjudicated on the merits in state court and if the underlying factual determination of the state court was not unreasonable. *See Murray v. Schriro*, 745 F.3d 984, 999 (9th Cir. 2014).

When a petitioner contests the reasonableness of the state court's factual determinations, a federal court must undertake a § 2254(d)(2) analysis. To be eligible for relief under § 2254(d)(2), the petitioner must show that the state court decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." The United States Supreme Court has admonished that a "state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 130 S. Ct. 841, 849 (2010).

The United States Court of Appeals for the Ninth Circuit has identified five types of unreasonable factual determinations that result from procedural flaws that occurred in state court proceedings: (1) when state courts fail to make a finding of fact; (2) when courts mistakenly make factual findings under the wrong legal standard; (3) when "the fact-finding process itself is defective," such as when a state court "makes evidentiary findings without holding a hearing"; (4) when courts "plainly misapprehend or misstate

**MEMORANDUM DECISION AND ORDER - 9**

the record in making their findings, and the misapprehension goes to a material factual issue that is central to petitioner's claim"; or (5) when "the state court has before it, yet apparently ignores, evidence that supports petitioner's claim." *Taylor v. Maddox*, 366 F.3d. 992, 1000-01 (9th Cir. 2004). State court findings of fact are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

If the state court factual determination was unreasonable, then the federal court is not limited by § 2254(d)(1), but proceeds to a de novo review of the claims, which may include consideration of evidence outside the state court record, subject to the limitations of § 2254(e)(2). *Murray v. Schriro*, 745 F.3d 984, 1000 (9th Cir. 2014).

**2.     The Decision of the Idaho Court of Appeals Was Not Contrary To, or an Unreasonable Application, Clearly-Established Supreme Court Precedent, Nor Was It Based on an Unreasonable Determination of the Facts. Therefore, Petitioner Is Not Entitled to Habeas Relief on Claim Three.**

Claim Three asserts that the prosecution failed to disclose the laptop or the final results of the forensic examination of the laptop. Petitioner claims that those results must have been material and exculpatory and that the prosecution's failure to disclose those results prejudiced the defense.

It is well established that the prosecution has a duty under the Due Process Clause of the Fourteenth Amendment to disclose exculpatory evidence to the defense when that evidence is material to guilt or punishment. *Brady v. Maryland*, 373 U.S. 83 (1963). A meritorious *Brady* claim contains three essential components: (1) the evidence must be

**MEMORANDUM DECISION AND ORDER - 10**

favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the prosecution must have withheld the evidence, either intentionally or inadvertently; and (3) the evidence must be material to guilt or punishment. *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999).

Suppressed evidence is material under *Brady*, and its non-disclosure prejudicial, when there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different. *Kyles v. Whitley*, 514 U.S. 419, 433-34 (1995). In determining "materiality," the court must assess the weight and force of the withheld evidence collectively, rather than item by item. *Id*.

In rejecting Petitioner's *Brady* claim regarding the laptop, the Idaho Court of Appeals correctly identified the Supreme Court's decisions in *Brady* and *Strickler* as controlling precedent. (State's Lodging D-3.) The court applied these standards and rejected Petitioner's claim that the state violated *Brady* by failing to disclose the seizure of the laptop computer, concluding that the fact of the seizure had not been withheld by the prosecution:

> The computer had been seized by police pursuant to a search warrant. In its order summarily dismissing [Petitioner's] claim of a *Brady* violation, the district court held that the evidence was not material. A threshold question before undertaking a *Brady* analysis, however, is whether the evidence was disclosed. In this case, the seizure of [Petitioner's] work computer was the subject of extensive testimony offered at [Petitioner's] preliminary hearing which was subject to cross-examination by [Petitioner's] counsel. The transcript of that hearing was attached to [Petitioner's] application for post-conviction relief. [Petitioner's] own

**MEMORANDUM DECISION AND ORDER - 11**

> filings belie his claim that the computer itself was not
> disclosed by the state. If [Petitioner] wished to engage his
> own forensic examiner to review the computer's contents, he
> could have obtained access to the computer through an
> appropriate discovery request. Therefore, [Petitioner] has
> failed to establish a genuine issue that the state failed to
> disclose material evidence.

(State's Lodging D-3 at 4-5.)

This determination was not an unreasonable application of *Brady* and *Strickler*, nor was it based on an unreasonable determination of the facts. Petitioner obviously knew that the prosecution had the laptop and that the police had commenced forensic testing on the laptop. Petitioner's counsel could have examined the laptop and had it tested independently, but chose not to do so. The Court has found no Supreme Court precedent suggesting that the prosecution is required to use at trial any evidence introduced at the preliminary hearing. Therefore, the state court reasonably determined that the prosecution did not withhold the laptop computer.

The Idaho Court of Appeals also rejected Petitioner's claim that the state violated *Brady* by failing to disclose the end results of the forensic tests performed on the laptop. The court held that Petitioner had not established that the evidence was material:

> At the preliminary hearing, the state's forensic
> examiner testified that a superficial examination of the hard
> drive revealed the existence of the precise phrase
> "letsgetkinky831." However, he testified that testing had not
> yet been completed. The state did not use the test results
> during [Petitioner's] trial and never disclosed whether the
> testing had been completed or the results of the completed
> evaluation to the defense. [Petitioner's] application infers that,
> because the state did not introduce the test results at trial, they

**MEMORANDUM DECISION AND ORDER - 12**

> must have been exculpatory. However, [a petitioner's] conclusory allegations, unsupported by admissible evidence, are not sufficient to create a genuine issue of material fact. In this case, [Petitioner's] application provided even less than conclusory allegations. It provided only implicit inferences and speculation that the results of forensic testing done on his work computer must have been exculpatory because the state did not present them at trial. Therefore, [Petitioner] has failed to establish a genuine issue that the state failed to disclose material, exculpatory evidence.

(State's Lodging D-3 at 5) (internal citation omitted).

Like its decision on Petitioner's claim regarding the existence and seizure of the laptop, the Idaho Court of Appeals' decision that the results of the forensic testing were not material is not objectively unreasonable. Petitioner relies only on suppositions and unsupported inferences that the forensic testing results must have been exculpatory and material. But as this Court previously explained when it concluded that cause and prejudice did not exist for the procedural default of Petitioner's ineffective assistance of counsel claim,

> It is mere speculation that the laptop contained no incriminating evidence. Petitioner claims that, because an investigator testified at the preliminary hearing that Petitioner's Micron laptop contained evidence of use of the "letsgetkinky831" screen name, the only reason the prosecution would decline to introduce the laptop at trial was if the investigator had lied and there was actually no evidence of the screen name on the computer. (Pet. at 4-7.) . . . But there could be any number of reasons why the prosecution would choose to present certain evidence or to present its evidence in a certain way. For example, the prosecutor may have believed the computer evidence to be unnecessary because of the overwhelming nature of the rest of the evidence, as well as potentially confusing to the jury.

**MEMORANDUM DECISION AND ORDER - 13**

(Dkt. 12 at 30.) There is no evidence in this record that forensic testing was ever completed at all, much less that the results of such testing were favorable to Petitioner. *See Strickler*, 527 U.S. at 281.

Moreover, the Idaho Court of Appeals' conclusion that any testing results were not material is supported by the fact that the prosecution *never* argued that the Micron laptop—or any particular computer, for that matter—was used to chat with "lisa200215ncal." The prosecution relied on the extremely strong circumstantial evidence of Petitioner's involvement—that someone referring to himself as "letsgetkinky831" chatted with "lisa200215ncal" and told her he would arrive at her apartment in a small, 2-door black car,[1] that 23 minutes later such a car did indeed turn into the parking lot of the vacant apartment the police were using in the sting operation, and that shortly thereafter Petitioner knocked on the door of the apartment.

Even if the Court assumes that the laptop did not contain any evidence of the chat, it cannot say the Idaho Court of Appeals' decision was objectively unreasonable. Had the prosecution introduced the laptop at trial and argued that it was the computer used by Petitioner in the crime, then the absence of any evidence of the chat on the laptop might

---

[1] Petitioner's claim that the chat log itself should have been excluded on the ground that Detective Smith was not qualified to testify regarding that log is unpersuasive. Detective Smith, as a party to the conversation memorialized by the chat log, was a witness with knowledge that the chat log was an accurate reproduction of the conversation between "letsgetkinky831" and "lisa200215ncal." *See* Idaho R. Evid. 901(a) ("The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."); I.R.E. 901(b) (stating that the "testimony of the witness with knowledge" is sufficient authentication).

**MEMORANDUM DECISION AND ORDER - 14**

have been material. But that is not this case. The jury convicted Petitioner notwithstanding the absence of evidence regarding the particular computer Petitioner used to commit the crime, and any evidence that this particular computer was not used thus could not have affected the verdict. At the very least, fairminded jurists could disagree whether the results of any computer testing—even assuming the test showed no evidence of the chat—were material. *See Richter*, 131 S. Ct. at 786.

## CONCLUSION

For the foregoing reasons, the Court concludes that Petitioner is not entitled to habeas relief under 28 U.S.C. § 2254(d).

## ORDER

**IT IS ORDERED:**

1. Claim Three of the Petition for Writ of Habeas Corpus (Dkt. 1), the only claim remaining in this action, is DENIED. This entire action is DISMISSED with prejudice.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

So Ordered.



DATED:  **October 7, 2014**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 16**